IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JESSIE LEE VALERIE, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | CIVIL ACTION NO. H-06-1156 |
| § | |
| NATHANIEL QUARTERMAN, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, CORRECTIONAL § | |
| INSTITUTIONS DIVISION, § | |
| § | |
| Respondent. § | |

**MEMORANDUM AND ORDER DENYING PETITIONER'S
APPLICATION FOR WRIT OF HABEAS CORPUS**

Pending in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254 is Respondent's Answer (Document No. 10) to Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered Respondent's Answer, in which Respondent argues that none of Petitioner's claims have any merit, Petitioner's Rebuttal Response in opposition (Document No. 16), the claims raised by Petitioner in his Federal Application for Writ of Habeas Corpus, the state court records, and the applicable law, the Court ORDERS[1], for the reasons set forth below, that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED on the merits.

---

[1] On September 6, 2006, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document Nos. 14 & 15.

I.      **Introduction and Procedural History**

Jessie Lee Valerie ("Valerie") is currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, as a result of a 2005 conviction in the 262nd District Court of Harris County, Texas, Cause No. 1015062, for possession of cocaine. Valerie was charged by information with that offense on January 31, 2005, waived indictment and pled guilty on February 1, 2005, and was sentenced, pursuant to a plea agreement, to fourteen years incarceration. A Judgment of Conviction was entered by the state trial court that same day.

Valerie filed a timely Notice of Appeal, but his appeal was dismissed by Texas' Fourteenth Court of Appeals on April 7, 2005, on the basis that Valerie had no right to appeal given the nature of his plea bargain. *Valerie v. State*, No. 14-05-00233-CR. Thereafter, Valerie did not file a petition for discretionary review, but did file two state applications for writ of habeas corpus. The first application, filed by Valerie on May 10, 2005, was dismissed by the Texas Court of Criminal Appeals because Valerie's direct appeal was pending. The second application, filed by Valerie on November 11, 2005, was denied by the Texas Court of Criminal Appeals on February 1, 2006, on the findings of the state trial court without a hearing. This § 2254 proceeding followed, having been filed by Valerie on or about April 1, 2006, the date Valerie signed the § 2254 application.

II.     **Claims**

In his § 2254 application, Valerie sets forth two claims:

1.  that his guilty plea was not knowing and voluntary because he was tired and still under the influence of drugs at the time he entered his plea; and

2.  that his trial counsel was ineffective for: (a) advising and coercing him into entering a guilty plea; (b) failing to investigate the case and interview

2

>witnesses, file pretrial motions, discuss the facts of the case with him, and develop a viable to defense to the charges.

Valerie raised these claims in his second state application for writ of habeas corpus, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the state trial court without a hearing. That denial constitutes an adjudication by the state courts of Valerie's claims on the merits. *See Ex Parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (denial of a state application for writ of habeas corpus denotes that Texas Court of Criminal Appeals addressed and rejected the merits of an applicant's claims).

### III.  Discussion

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a claim presented in a federal habeas corpus proceeding has already been adjudicated on the merits in a state proceeding, federal review is limited.  28 U.S.C. § 2254(d) provides:

>(d)  An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>>(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"[A] decision by a state court is 'contrary to' [the United States Supreme Court's] clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the

3

Supreme Court] and nevertheless arrives at a result different from [its] precedent.'" *Price v. Vincent*, 538 U.S. 634, 123 S. Ct. 1848, 1853 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)). A state court decision involves an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. But "'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner.'" *Price*, 538 U.S. at 641 (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25, 123 S. Ct. 357 (2002)).

As for factual issues, "the AEDPA precludes federal habeas relief unless the state court's decision on the merits was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d)(2) (2000). In addition, the state court's factual determinations carry a presumption of correctness; to rebut them, the petitioner must present clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1) (2000)." *Smith v. Cockrell*, 311 F.3d 661, 667 (5th Cir. 2002), *cert. granted in part,* 124 S.Ct. 46 (2003).

Of utmost significance under § 2254(d) is the principle that once a federal constitutional claim has been adjudicated by a state court, a federal court cannot conduct an independent review of that claim in a federal habeas corpus proceeding. Rather, it is for the federal court only to determine whether the state court's decision was contrary to or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States, and whether the state court's decision was based on an unreasonable determination of the facts in light of the evidence

4

presented in the state court proceeding. Whether a federal habeas court would have, or could have, reached a conclusion contrary to that reached by the state court on an issue is not determinative. In addition, the correctness of the state court's decision is not determinative. As instructed by the Supreme Court in *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 2535 (2003), "[i]n order for a federal court to find a state court's application of our precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" (citations omitted).

### A. Involuntary Guilty Plea Claim

In his first claim, Valerie maintains that his guilty plea was not knowing and voluntary. Valerie alleges as follows:

> Petitioner coerced with bad faith representation. Counsel advised him against wishes, with information represented by State's Attorneys that, to have case re-set for Court, on next court date, State's offer [of] 15 years, would not be considered again. Counsel advised him that prior conviction(s) would be enhanced by State, that he will be facing 25 yrs. to life. Petitioner advised counsel that he had been doing drugs, was without sleep too many hrs., that he was [tired], not able to think clearly and that he was without even more sleep being processe[d] in County Jail. Counsel refused to consider his request for re-set [of the] court appearance[,] advising him that State's offer of 15 yrs. in his case was a good deal[,] that he should take State offer because he was already on parole and that his case in court was not winnable.

Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) at 7. From Valerie's allegations, it appears that Valerie is claiming that his guilty plea was not knowing and voluntary because his counsel pressured him to plead guilty soon after he was charged in order to take advantage of a plea offer of 15 years incarceration – an offer that would not be held open by the State. Respondent maintains that no relief is available on this claim because state court's rejection of the claim is not contrary to or an unreasonable application of clearly established Federal law and

is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

"[G]uilty pleas are valid if both 'voluntary' and 'intelligent,'" *Brady v. United States*, 397 U.S. 742, 747 (1970), meaning that "the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 30 (1970). A guilty plea is considered "voluntary" if it is made by a defendant who is "'fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel'" and who has not been "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady*, 397 U.S. at 755 (quoting *Shelton v. United States*, 246 F.2d 571, 572 n.2 (5th Cir. 1957)). A guilty plea is considered to have been "intelligently" made if the defendant is "advised by competent counsel", "made aware of the nature of the charge against him", and is competent and in control of his mental faculties at the time the plea is entered. *Id.* at 756.[2] Threats of harsher punishment do not render a guilty plea involuntary. *See Spaulding v.*

---

[2] In *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir.), *cert. denied*, 531 U.S. 830 (2000), the Fifth Circuit integrated, from Supreme Court precedent, the "voluntary" and "intelligent" requirements, as follows:

> Although the Court's opinions have often used both "voluntary" and "intelligent" to describe various characteristics of constitutionally valid guilty pleas, several conditions appear necessary. The defendant pleading guilty must be competent, and must have notice of the nature of the charges against him. The plea must be entered "voluntarily," i.e., not be the product of "actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant" or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel. The defendant must also understand the consequences of his plea, including the nature of the constitutional protection he is waiving. Finally, the

*Lynaugh*, 1987 WL 44399 (S.D. Tex. 1987) (Kazen, J.) ("[i]t is not unconstitutional, nor does it render a guilty plea involuntary, for a prosecutor to threaten a defendant with a greater sentence or additional charges."); *Johnson v. Dretke*, 2005 WL 1155083 at *5 (S.D. Tex. 2005) (Lake, J.) ("To the extent petitioner contends that counsel induced his plea by threats of a harsher sentence if he proceeded to trial, such an argument does not render a guilty plea involuntary.").

Here, the record fully supports the conclusion of the Texas Court of Criminal Appeals that Valerie failed to prove that his guilty plea was unknowing and involuntary. *See Ex Parte Valerie*, Application No. 62,398-02 at 29 ("The applicant fails to overcome the presumption that his guilty plea was knowing and voluntary."). The record shows that Valerie signed a "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession," in which Valerie stated as follows:

> In open court and prior to entering my plea, I waive the right of trial by jury. I also waive the appearance, confrontation, and cross-examination of witnesses, and my right against self-incrimination. The charges against me allege that in Harris County, Texas, JESSIE LEE VALERIE, hereafter styled the Defendant, heretofore on or about JANUARY 30, 2005, did then and there unlawfully, intentionally and knowingly possess a controlled substance, namely, COCAINE, weighing more than 4 grams and less than 200 grams by aggregate weight, including any adulterants and dilutants.
>
> I understand the above allegations and I confess that the acts alleged above were committed on January 30, 2005.
>
> In open court I consent to the oral and written stipulation of evidence in this case and to the introduction of affidavits, written statements, of witnesses, and other

---

defendant must have available the advice of competent counsel. The advice of competent counsel exists as a safeguard to ensure that pleas are voluntarily and intelligently made.

(citations omitted).

> documentary evidence. I am satisfied that the attorney representing me today in court has properly represented me and I have fully discussed this case with him.
>
> I intend to enter a plea of guilty and the prosecutor will recommend that my punishment should be set at 14 years TDCJ-ID and I agree to that recommendation. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, I waive any right of appeal which I may have should the court accept the following plea bargain agreement between myself and the prosecutor.

*Id.* at 22-23. Valerie also, by initialing the Court's written admonishments, acknowledged that he was charged with an offense which, exclusive of any possible enhancements, carried a maximum sentence of twenty years incarceration, and represented that he was mentally competent to understand the charge against him, that he understood the consequences of his plea bargain, whereby he was to be sentenced to fourteen years incarceration, that he fully understood the consequences of his plea after having fully consulted with his attorney, that he had received no promises of leniency to induce his guilty plea, that he was not under the influence of alcohol, drugs or narcotics and that he was fully competent and in full possession of his faculties, that he was fully satisfied with the services rendered to him by his attorney and believed that he was ably and conscientiously represented, and that his guilty plea was entered "freely and voluntarily, in the exercise of [his] own good judgment." *Id.* at 24-27. Valerie's "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession," and the associated written admonishments were signed, sworn to and subscribed by Valerie on February 1, 2005, before a Harris County Deputy Clerk. *Id.* at 22-27. On the "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession," which Valerie's counsel also signed, counsel represented to the trial court the following:

> I represent the defendant in this case and I believe that this document was executed by him knowingly and voluntarily and after I fully discussed it and its consequences with him. I believe that he is competent to stand trial. I agree to the prosecutors

> recommendation as to punishment. I waive any further time to prepare for trial to which I or the defendant may be entitled.

*Id.* at 23. The state trial judge then also signed the Waiver, finding as follows:

> This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

*Id.* Given this record, and the presumption of correctness, regularity, and verity that is afforded to guilty plea documents and the representations of a defendant during a guilty plea proceeding, *see Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985); *see also Carter v. Collins*, 918 F.2d 1198, 1202 n.4 (5th Cir. 1990); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir.), *cert. denied*, 513 U.S. 968 (1994), the Texas Court of Criminal Appeals' rejection of Valerie's involuntary guilty plea claim is not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court, nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state habeas proceeding. While Valerie maintains herein theat he was under the lingering effects of narcotics and had not had much sleep, he attested to the court that he was not under the influence of alcohol, drugs or narcotics, and he was in full possession of his faculties. As to counsel's pressure to plead guilty to take advantage of the offered plea bargain, Valerie has not shown that counsel's advice constituted coercion, and has not shown that counsel's advice, particularly given that Valerie was on parole at the time he was arrested on the possession offense and had prior felony offenses that could be alleged and used to

9

enhance his sentence if he persisted in a plea of not guilty, was unreasonable. Therefore, under § 2254(d), no relief is available to Valerie on his involuntary guilty plea claim(s).

### B.     Ineffective Assistance of Counsel Claims

Valerie also maintains, in his second claim, that counsel was ineffective in connection with his guilty plea for coercing him, and improvidently advising him, to plead guilty, and for failing to investigate the case and interview certain witnesses, for failing to file pretrial motions, for failing to fully discuss the facts of the case with him, and for failing to develop a defense to the charges.

Claims of ineffective assistance of counsel are generally assessed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) and *United States v. Cronic*, 466 U.S. 648 (1984). When a defendant pleads guilty, however, the standard by which counsel's conduct is judged is somewhat different. A defendant's trial counsel has the duty of ensuring that the defendant's plea is knowingly and voluntarily made. *United States v. Diaz*, 733 F.2d 371, 375 (5th Cir. 1984); *Hill v. Estelle*, 653 F.2d 202, 206 (5th Cir.), *cert. denied*, 454 U.S. 1036 (1981). If a petitioner claims that counsel has not discharged this duty, habeas relief is available *only* if the petitioner can establish that counsel's performance in connection with the plea was deficient or incompetent, and that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-9 (1985); *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987).

Here, Valerie's complaints about counsel's failure to investigate and failure to interview witnesses, counsel's failure to file pretrial motions, counsel's failure to discuss the facts of the case with him, and counsel's failure to develop a defense, are claims about counsel's performance that are wholly unrelated to whether counsel discharged his duty of ensuring that Valerie's plea was both knowing and voluntary. As such, no relief is available on those ineffectiveness claims. *See Smith v.*

*Estelle*, 711 F.2d 677, 682  (5th Cir. 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived.  This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea") (citations omitted), *cert. denied*, 466 U.S. 906 (1984).  In addition, to the extent Valerie is claiming that his counsel's failure to investigate the case and interview witnesses "caused" him to plead guilty when he would not have done so otherwise, there is no evidence in the record to support such a claim.  Valerie has made no showing that he would have persisted in a plea of not guilty if counsel had investigated the case, interviewed certain witnesses, filed certain pretrial motions, further discussed the facts of the case with him, or developed a defense.

As for Valerie's complaints that counsel coerced and pressured him into pleading guilty, the record shows that counsel discharged his duty of ensuring that Valerie entered a knowing and voluntary guilty plea.  The record shows, as set forth above, that Valerie was advised in the written "Waiver of Constitutional Rights, Agreement to Stipulate and Judicial Confession" of the consequences of his plea, and that he attested to having fully discussed the case with counsel, being in full possession of his faculties and not under the influence of alcohol, drugs or narcotics, and that his guilty plea was entered freely, knowingly and voluntarily.  Based on those attestations by Valerie at the plea proceeding, the Texas Court of Criminal Appeals' rejection of Valerie's ineffective assistance of counsel claims is not contrary to or an unreasonable application of clearly established Federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Thus, under § 2254(d), no relief is available to Valerie on the merits of his ineffective assistance of counsel claims.

**IV.     Conclusion and Order**

Based on the foregoing, and the conclusion no relief is available to Valerie on the merits of his claims under § 2254(d), the Court

ORDERS that Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1) is DENIED, and this § 2254 proceeding is DISMISSED WITH PREJUDICE. In addition, it is further

ORDERED that a Certificate of Appealability is DENIED. A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Where the claims have been dismissed on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001). When the claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Given the claims raised herein as well, as the rejection of Petitioner's claims by the Texas Court of Criminal Appeals, the Court determines that reasonable jurists would not find the assessment of Petitioner's constitutional claims to be debatable or wrong. Therefore, Petitioner has not made a

substantial showing of the denial of a constitutional right, and a Certificate of Appealability will not issue.

      Signed at Houston, Texas, this 14th day of November, 2007.

_____
Frances H. Stacy
United States Magistrate Judge